UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FAHIMA MOUHOUB,                                           CASE NO.:

    Plaintiff,

v.

ONEBLOOD INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FAHIMA MOUHOUB, ("Plaintiff" or "Ms. Mouhoub"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from ONEBLOOD INC., ("Oneblood" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Miami-Dade County, Florida.

3. Defendant is a Florida not for profit corporation that is located and does business in Miami-Dade County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Miami-Dade County, Florida, and therefore the proper venue for this case is the Miami Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or

more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Oneblood from December 2007, until her termination on February 17, 2021.

8. In November 2020, Plaintiff was diagnosed with a Major Depression Disorder, Singe Episode, Severe and Unspecified Anxiety Disorder requiring her take off from work to start the titration of medication.

9. On or around November 17, 2020, Plaintiff took approved continuous FMLA leave to recover from her serious health condition.

10. On or around January of 2021, Plaintiff suffered an accident resulting in a serious injury, which also necessitated continuing care by another health care provider.

11. Plaintiff took approved continuous FMLA leave to recover from her serious health conditions until February 9, 2021.

12. Plaintiff attempted to contact Defendant's Human Resource Department ("HR") to discuss her FMLA leave, but she did not receive any response.

13. On February 17, 2021, Plaintiff returned to work.

14. That same day, on February 17, 2021, Defendant terminated Plaintiff.

15. It is clear that Oneblood retaliated against Ms. Mouhoub based on her serious health condition and her utilizing FMLA leave.

16. Any other "reason" theorized after the fact by Oneblood for its termination of Plaintiff's employment is pure pretext.

17. Onebloods's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for taking protected FMLA leave.

18. Onebloods's actions were unlawful and constitute actionable violations of the FMLA.

19. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing her serious health condition, requesting leave, and taking leave), and unquestionably suffered an adverse employment action (termination).

20. The timing of Oneblood's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case. See Brungart,* 231 F.3d at 799 ("[t]he general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection").

21. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

22. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

23. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

24. The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

25. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use of protected FMLA leave.

26. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

27. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

28. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

32. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

33. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

38. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

39. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use of leave pursuant to the FMLA.

40. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 16th day of February, 2023.

                Respectfully Submitted,

                */s/ Noah E. Storch*
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*