## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

**FAHIMA MOUHOUB,**

     **Plaintiff,**                              **Case No. 1:23-cv-20625-KMW**

**vs.**

**ONEBLOOD, INC.,**
**a Florida Not For Profit Corporation,**

     **Defendant.**

_____/

## DEFENDANT'S ANSWER AND DEFENSES TO
## PLAINTIFF'S COMPLAINT

Defendant, ONEBLOOD, INC. ("OneBlood" or "Defendant"), by and through the undersigned counsel, hereby files its Answer and Defenses to the Complaint and Demand for Jury Trial (the "Complaint") filed by Plaintiff, FAHIMA MOUHOUB ("Plaintiff"). The numbered paragraphs below correspond to the numbered allegations in the Complaint.

### PARTIES, JURISDICTION, AND VENUE

1.     Admitted that Plaintiff brings this action under the Family and Medical Leave Act (the "FMLA") and that this Court has jurisdiction over these claims as brought. Denied that OneBlood violated Plaintiff's rights under the FMLA or engaged in any unlawful conduct with respect to Plaintiff.

2.     Admitted that Plaintiff was an employee of OneBlood and, upon information and belief, that Plaintiff resided in Miami-Dade County during her employment.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.      Admitted that at the time she initially requested leave, Plaintiff was an eligible employee under the FMLA based on her length of service with OneBlood and admitted that Plaintiff represented she had a serious health condition that entitled her to leave during her employment.  The remaining allegations in Paragraph 6 of the Complaint are denied.

## FACTUAL ALLEGATIONS

7.      Admitted.

8.      Admitted only that Plaintiff requested time off from work for alleged health-related issues in or around November 2020.  OneBlood lacks knowledge or information sufficient to form a  belief as to the remaining allegations in Paragraph 8 of the Complaint and therefore denies same.

9.      Admitted only that Plaintiff was granted and took FMLA leave beginning on November 23, 2020, and otherwise denied.

10.      Admitted only that Plaintiff reported health-related issues in or around January 2021. OneBlood lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 10 of the Complaint and therefore denies the same.

11.      Admitted only that Plaintiff was approved to remain on FMLA until February 14, 2021, and otherwise denied.

12.      Denied.

13.      Admitted.

14.      Admitted.

15.      Denied.

16.      Denied.

17.      Denied.

18.      Denied.

19.     Admitted only that Plaintiff requested and took leave under the FMLA and that her employment was ultimately terminated for reasons wholly unconnected to such leave, and otherwise denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Admitted only that the law firm of Richard Celler Legal, P.A. has appeared on behalf of Plaintiff in this case.  OneBlood lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 28 of the Complaint and therefore denies same.

**COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA**

29.     OneBlood reincorporates its responses to Paragraphs 1-28 of the Complaint as if fully set forth herein.

30.     Denied.

31.     Admitted only that the FMLA, which covered Plaintiff during portions of her employment, prohibits retaliation, and otherwise denied.

32.     Denied.

33.     Denied.

34.     Denied.

**DENIED** that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause following Paragraph 34 of the Complaint or to any relief whatsoever.

## COUNT II – UNLAWFUL RETALIATION UNDER THE FMLA

35.    OneBlood reincorporates its responses to Paragraphs 1-28 of the Complaint as if fully set forth herein.

36.    Denied.

37.    Admitted only that the FMLA, which covered Plaintiff during portions of her employment, prohibits retaliation, and otherwise denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

**DENIED** that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause following Paragraph 41 of the Complaint or to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

Admitted that Plaintiff demands a trial by jury.

## GENERAL DENIAL

OneBlood denies each and every allegation in the Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

4

### Second Defense

Plaintiff received all leave to which she was entitled under the FMLA during her employment with OneBlood.

### Third Defense

All actions taken by OneBlood with respect to Plaintiff's employment were for legitimate, non-retaliatory, and non-pre-textual business reasons.

### Fourth Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Fifth Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches inasmuch as she has inexcusably and unreasonably delayed the filing of this action causing prejudice to OneBlood.

### Sixth Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### Seventh Defense

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Eighth Defense

If Plaintiff has been damaged as alleged, some or all of her damage has been caused by her own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of entities other than OneBlood for which OneBlood is not responsible.

### Ninth Defense

Some or all of Plaintiff's claims are limited to the extent she has failed to mitigate her damages. Additionally, any damages alleged by Plaintiff must be offset by interim earnings and any other pay and/or benefits received, as permitted or required by law.

### Tenth Defense

OneBlood did not undertake any action toward Plaintiff willfully, intentionally, or recklessly; therefore, Plaintiff is not entitled to liquidated damages.

### Eleventh Defense

OneBlood did not undertake any action toward Plaintiff with malice or with reckless indifference to Plaintiff's protected rights; therefore, Plaintiff is not entitled to punitive damages.

### Twelfth Defense

Plaintiff's damages, if any, are barred by the doctrine of after acquired evidence, if any such evidence is discovered.

### RESERVATION OF RIGHTS

OneBlood reserves the right to assert any and all additional defenses and affirmative defenses as may be determined necessary during the course of discovery.

**WHEREFORE**, OneBlood requests that this Court: (a) grant judgment in its favor against Plaintiff; (b) award OneBlood its taxable costs incurred in connection with the instant action; and (c) grant such other and further relief as it deems just and proper.

Dated: March 17, 2023                    Respectfully submitted,

*/s/ Mary Caroline Cravatta*

Larry S. Perlman
Florida Bar No. 91934
lperlman@foley.com
atownsend@foley.com

6

FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Blvd.
Suite 1900
Miami, Florida 33131
Telephone:  (305) 482-8400

Mary Caroline Cravatta
Florida Bar No. 125712
mcravatta@foley.com
ctavarez@foley.com
FOLEY & LARDNER LLP
301 E. Pine Street
Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-7656

***Counsel for Defendant OneBlood,   Inc.***

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on March 17, 2023, a copy of the foregoing was electronically

filed via CM/ECF, which will effect service on all counsel of record identified below:

Noah E. Storch, Esq.
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
noah@floridaovertimelawyer.com

***Counsel for Plaintiff***

*/s/Mary Caroline Cravatta*
Mary Caroline Cravatta

4876-4373-6403.1